UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Sandra N. Irby,<br>    Debtor.<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Movant,<br>     v.<br>Sandra N. Irby,<br>    Debtor/Respondent,<br>Kenneth E. West,<br>    Trustee/Additional Respondent. | Bankruptcy No. 22-12234-pmm<br><br>Chapter 13 |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY

Select Portfolio Servicing, Inc. ("Movant") and Sandra N. Irby ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I.    BACKGROUND:**

1. On November 13, 2019, Sandra N. Irby, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $75,000.00.

2. The Mortgage was recorded on November 26, 2019 with the Montgomery County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Montgomery County commonly known as 914 Northridge Drive, Norristown, PA 19403 (the "Property").

4. The Note and Mortgage were lastly assigned to Select Portfolio Servicing, Inc..

5. Debtor(s) defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of January 24, 2025, the post-petition arrearage owed to Movant is $10,868.41 and consists of nine (9) monthly mortgage payments at $1,109.14 each and three (3) monthly mortgage payments at $539.97 each, less a suspense balance of $733.76.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $10,868.41.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $539.97 per month shall become due under the Note and Mortgage on the 1st day of each successive month, beginning March 1, 2025 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. Select Portfolio Servicing, Inc. and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the terms set forth below:

## II.    STIPULATION FOR RELIEF FROM AUTOMATIC STAY

9. Debtor(s) confirms and acknowledges her financial obligations to Select Portfolio Servicing, Inc. under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges that she defaulted on the Mortgage and Note by failing to remit monthly mortgage payments of principal, interest and escrow in the amount as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges her obligation to make the regular post-petition payments of principal and interest going forward from March 1, 2025 as set forth above in paragraph 7.

12. Debtor(s) further agrees to continue to make regular post-petition payments of principal and interest in the amount of $539.97 (Debtor acknowledges that this amount is subject to change) which shall become due on the 1st day of each month beginning March 1, 2025 until her obligation to Select Portfolio Servicing, Inc., and if applicable, its successors and/or assigns under the Note is paid in full.

13. Debtor agrees to remit a down payment in certified funds in the amount of $5,000.00 within 30 days following the entry of this Stipulation. Beginning March 15, 2025, Debtor will be required to cure the remaining arrears of $5,868.41 by remitting payments to Movant in the amount of $978.05 each for the next 5 consecutive months, with a sixth and final payment in the amount of $978.16 to be tendered on or before August 15, 2025. Payments should be made to:

**Select Portfolio Servicing, Inc.**
**P.O. Box 65450**
**Salt Lake City, UT 84165-0450**

14. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor(s) fail to cure the arrearage, Select Portfolio Servicing, Inc., will send Debtor(s)'s counsel written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Select Portfolio Servicing, Inc. may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

15. In the event the Debtor defaults on the terms of the Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then Select Portfolio Servicing, Inc. its successors and/or assigns shall serve Debtor's attorney via facsimile, electronic mail, and or

    First Class Mail, postage prepaid, with written notification of default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the written notification, then Select Portfolio Servicing, Inc. may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon Select Portfolio Servicing, Inc., its assigns, and or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor or the Order of this Court. In the event that Movant must send a Notice of Default, Debtor shall pay $100.00 per notice as attorney fees, in addition to all funds required to cure the default prior to the expiration of the cure period.

16. In addition, Debtor(s) agrees that she is not permitted more than two (2) defaults from the date of this Stipulation. Debtor(s) further agrees that if she defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, Select Portfolio Servicing, Inc., its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Select Portfolio Servicing, Inc., its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

17. Select Portfolio Servicing, Inc.'s consent to this Stipulation or acceptance of any payments tendered by Debtor shall not be construed as a waiver of Select Portfolio Servicing, Inc.'s right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, Select Portfolio Servicing, Inc. agrees to credit Debtor's account for any payments made by or on Debtor's behalf in accordance with this Stipulation, the Note and/or Mortgage.

18. This Stipulation may only be modified in writing and by filing on the Bankruptcy Court docket. No oral modifications are permitted and any allegation that the Stipulation was modified orally

    will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

19. Debtor(s) hereby certifies and confirms that she has reviewed the terms of the Stipulation with counsel and that Debtor understands and agrees with the Stipulation terms, and authorizes counsel to sign this Stipulation on her behalf.

IT IS HEREBY STIPULATED:

By: /s/Sherri R. Dicks                    Date: 2/21/25
Robertson, Anschutz, Schneid, Crane
& Partners, PLLC
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: (470) 321-7112
Sherri R. Dicks
PA Bar Number 90600
Email: sdicks@raslg.com


/s/ David B. Spitofsky_____ with express permission
DAVID B. SPITOFSKY
Law Office of David B. Spitofsky
516 Swede Street
Norristown, PA 19401
(610) 272-4555
Email: spitofskybk@verizon.net


NO OPPOSITION:

/s/_____ with express permission
KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
(215) 627-1377

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Sandra N. Irby,<br>    Debtor.<br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Movant,<br>     v.<br>Sandra N. Irby,<br>    Debtor/Respondent,<br>Kenneth E. West, Esquire,<br>    Trustee/Additional Respondent. | Bankruptcy No. 22-12234-pmm<br><br>Chapter 13 |

**ORDER OF COURT**

AND NOW, this ___ day of _____, 2025, upon consideration of the foregoing Stipulation Resolving Motion for Relief from Stay, it is hereby ORDERED that the Stipulation is approved.

                                                      BY THE COURT:

                                                      _____
                                                      Patricia M. Mayer
                                                      U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Sandra N. Irby,<br>    Debtor.<br>SELECT PORTFOLIO SERVICING, INC.,<br>    Movant,<br>      v.<br>Sandra N. Irby,<br>    Debtor/Respondent,<br>Kenneth E. West, Esquire,<br>    Trustee/Additional Respondent. | Bankruptcy No. 22-12234-pmm<br><br>Chapter 13 |

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, that on _____, 2025, I caused to be served a copy of the Stipulation Resolving Motion for Relief from Stay via First Class U.S. Mail, postage prepaid, and/or electronic mail at the following addresses:

Sandra N. Irby
914 Northridge Drive
Norristown, PA 19403

DAVID B. SPITOFSKY
Law Office of David B. Spitofsky
516 Swede Street
Norristown, PA 19401

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107

United States Trustee

FREDERIC J. BAKER
Assistant United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

                                                   By: /s/Sherri R. Dicks
                                                        SHERRI R. DICKS