**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 22-12234** |
| | : | |
| **SANDRA N. IRBY** | : | **Chapter 13** |
| **Debtor** | : | |

**MOTION OF NORTHRIDGE ESTATES CONDOMINIUM ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY UNDER §362 OF BANKRUPTCY PROCEDURE RULE 4001**

Movant, Northridge Estates Condominium Association (hereinafter "Movant"), by and through its attorney, Marcus & Hoffman, P.C., hereby requests a termination of Automatic Stay and leave to collect on assessments and fees incurred by debtor Sandra N. Irby.

1. Movant is a Pennsylvania non-profit corporation created and operating as a condominium association, comprising exclusively of members who are the owners of record of the residential units within the Northridge Estates Condominium Association.

2. Northridge Estates Condominium Association is governed by the Northridge Estates Condominium Association Declaration and By-laws and the Pennsylvania Uniform Condominium Act, 68 Pa. C.S.A. §3101 *et seq.*, as amended, (hereinafter “Act”), (hereinafter collectively “Governing Documents”).

3. Debtor, Sandra N. Irby (hereinafter “Debtor”) is the record owner of the residential unit located at 914 Northridge Drive, Norristown, PA 19403, with Parcel ID 630005514768, (hereinafter “Unit”).

4. Debtor is a member of the Northridge Estates Condominium Association as Debtor’s Unit is located within the Northridge Estates Condominium Association. Debtor is therefore subject to the provisions of the Governing Documents.

5. A statutory lien against the Unit was recorded and perfected pursuant to Section 3315 of the Act, contemporaneous with the recording of the Declaration on or about February 3, 1987.

6. Pursuant to Section 3315 of the Act, the statutory lien includes unpaid assessments, fees, charges, late charges, fines, interest and the reasonable costs and expenses of an association, including legal fees, incurred in connection with the collection of any sums due the association by the unit owner or enforcement of the provisions of the Declaration, Bylaws, Rules or Regulations against the unit owner (hereinafter collectively "Assessments").

7. Pursuant to the Governing Documents, Movant, acting through its Board of Directors, shall determine and enforce the Assessments to be paid by each member of the Northridge Estates Condominium Association.

8. Movant has assessed the Debtor's Unit in accordance with the Governing Documents.

9. Pursuant to the Governing Documents, the Debtor, as the owner of the Unit, has covenanted to pay, and remains obligated to pay to Movant, all Assessments, together with late charges, fines and the costs and expenses of collection, including court costs and legal fees.

10. The Debtor has not paid all Assessments and other charges due to Movant under the Governing Documents.

11. Debtor's failure to tender monthly Assessments in a manner consistent with the terms of the Governing Documents result in a lack of adequate protection.

12. Debtor initiated the instant Chapter 13 bankruptcy matter on August 25, 2022 and Debtor’s plan was confirmed on December 22, 2022.

13. To date, all pre-petition amounts have been paid to Movant.

14. However, Debtor has not made regular post-petition payments to Movant as required under the Bankruptcy Code.

15. Movant sent correspondence dated September 7, 2023 to the Debtor's counsel regarding the Debtor's post petition obligation. No response was received to the correspondence.

16. Movant sent correspondence dated March 25, 2024 to the Debtor's counsel regarding the Debtor's post petition obligation. No response was received to the correspondence.

17. Movant sent correspondence dated August 27, 2024 to the Debtor's counsel regarding the Debtor's post petition obligation. No response was received to the correspondence.

18. Movant sent correspondence dated December 16, 2024 to the Debtor's counsel regarding the Debtor's post petition obligation. No response was received to the correspondence.

19. Movant sent correspondence dated March 16, 2025 to the Debtor's counsel regarding the Debtor's post petition obligation. No response was received to the correspondence.

20. To date, the post-petition delinquency owed to Movant is now in excess of $17,000.00.

21. Movant wishes to institute collections and/or foreclosure proceedings because of Debtor’s failure to tender monthly post-petition Assessments in a manner consistent with the terms of the Governing Documents and requirements under the Bankruptcy Code.

22. Movant is unable to move forward with collections and/or foreclosure proceedings due to the protections afforded to Debtor by the Automatic Stay.

23. Movant has a cause to have the Automatic Stay terminated as to permit Movant to proceed with collecting non-dischargeable debts owed to Movant by Debtor.

24. Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

25. Movant posits that due to Debtor's continuing failure to tender post-petition Assessments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant should be allowed to immediately enforce and implement the Order granting relief from the Automatic Stay.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order:

a. Modifying the Automatic Stay under Section 362 as to allow Movant to proceed with its collection rights under the terms of the Governing Documents; and

b. Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and

c. Holding that due to Debtor's continuing failure to tender Assessments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

d. Granting any other relief that this Honorable Court deems equitable and just.

**RESPECTFULLY SUBMITTED:**

Michelle J Cunningham

______________________________

**MICHELLE J. CUNNINGHAM, ESQUIRE**
Attorney ID No. 208793
Marcus & Hoffman, P.C.
326 West State Street
Media, PA 19063
Phone: 610-565-4660
Fax: 610-565-7692
E-mail: Mcunningham@marcushoffman.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 22-12234** |
| | : | |
| **SANDRA N. IRBY** | : | **Chapter 13** |
| **Debtor** | : | |
| | : | **11 U.S.C. §362** |

**NOTICE OF MOTION, RESPONSE DEADLINE**
**AND HEARING DATE**

**NORTHRIDGE ESTATES CONDOMINIUM ASSOCIATION** has filed a Motion for Relief from the Automatic Stay with the Court to permit **NORTHRIDGE ESTATES CONDOMINIUM ASSOCIATION** to proceed with collections against Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.**

1. If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, then on or before November 10, 2026 you or your attorney must do all of the following:

(a) file an answer explaining your position at

Clerk's Office, U.S. Bankruptcy Court
Robert N.C. Nix, Sr. Federal Courthouse
900 Market Street, Suite 400
Philadelphia, PA 19107

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

(b) mail a copy to the Movant's attorney:

Michelle J. Cunningham, Esquire
Marcus & Hoffman, P.C.
326 West State Street
Media, PA 19063
Ph.: 610.565.4660

2. If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the Court may enter an Order granting the relief requested in the motion.

A hearing on the motion is scheduled to be held before the Honorable Judge Derek J. Baker on November 19, 2026 at 11:00AM in Courtroom 2, United States Bankruptcy Court, Robert N.C. Nix, Sr. Federal Courthouse 900 Market Street, Philadelphia, PA 19107. Unless the Court orders otherwise, the hearing on this contested matter will be an evidentiary hearing at which witnesses may testify with respect to disputed material factual issues in the manner directed by Fed. R. Bankr. P. 9014(d).

3. If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

4. You may contact the Bankruptcy clerk's office at (215) 408-2839 to find out whether the hearing has been canceled because no one filed an answer.

October 22, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 22-12234** |
| | : | |
| **SANDRA N. IRBY** | : | **Chapter 13** |
| **Debtor** | : | |
| | : | |

**ORDER MODIFYING §362 AUTOMATIC STAY**

**AND NOW**, this day of , 20____, at **PHILADELPHIA**, upon Motion of **NORTHRIDGE ESTATES CONDOMINIUM ASSOCIATION** (Movant), it is:

**ORDERED AND DECREED**: that Movant shall be permitted to reasonably communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and it is further

**ORDERED** that Relief from the Automatic Stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to collections proceedings of Movant against Debtor; and it is further

**ORDERED** that Rule 4001(a)(3) is not applicable and **NORTHRIDGE ESTATES CONDOMINIUM ASSOCIATION** may immediately enforce and implement this Order granting Relief from the Automatic Stay.

______________________________
JUDGE DEREK J. BAKER BANKRUPTCY JUDGE

Office of the Chapter 13
Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street Suite 320
Philadelphia, PA 19107

Sandra N. Irby
914 Northridge Drive
Norristown, PA 19403

DAVID B. SPITOFSKY
Law Office of David B. Spitofsky
516 Swede Street
Norristown, PA 19401
Email: spitofskybk@verizon.net

MICHELLE J. CUNNINGHAM, ESQ
MARCUS & HOFFMAN, P.C.
326 WEST STATE STREET
MEDIA, PA 19063

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 22-12234** |
| **Sandra N. Irby** | : | |
| **Debtor** | : | **Chapter 13** |

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2026, I caused to be mailed a true and correct copy of the Motion of Northridge Estates Condominium Association for the Relief from the Automatic Stay Under §362 of Bankruptcy Procedure Rule 4001 to the interested parties below by First Class Mail or by electronic means.

**KENNETH E. WEST**
Office of the Chapter 13
Standing Trustee
190 N. Independence MallWest
Suite 701
Philadelphia, PA 19106

**DAVID B. SPITOFSKY**
Law Office of David B. Spitofsky
516 Swede Street
Norristown, PA 19401
spitofskybk@verizon.net

**United States Trustee**
Office of United States Trustee
Robert N.C. Nix Federal Building 900
Market Street, Suite 320
Philadelphia, PA 19107

MICHELLE J. CUNNINGHAM, ESQ
MARCUS & HOFFMAN, P.C.
326 WEST STATE STREET
MEDIA, PA 19063

**Sandra N. Irby**
914 Northridge Drive
Norristown, PA 19403



**MICHELLE J. CUNNINGHAM, ESQUIRE**
Attorney ID No. 208793
Marcus & Hoffman, P.C.
326 West State Street
Media, PA 19063
Phone: 610-565-4660
Fax: 610-565-7692
E-mail: Mcunningham@marcushoffman.com